IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KRISTEE RAE LANG,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. POSTAL SERVICE, et al.,<br><br>Defendant. | CV 19-00047-BLG-SPW-TJC<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Kristee Rae Lang, proceeding without counsel and in forma pauperis, filed this matter on April 23, 2019.  (Doc. 2.)  On August 14, 2019, the Court completed the screening process mandated by 28 U.S.C. § 1915 and determined that the Complaint failed to state a claim upon which relief could be granted.  Lang was given an opportunity to file an amended complaint.  (Doc. 14.)

Lang has filed a number of letters (Docs. 4, 5, 6, 10, 11, 12, 13, 15, 16, 19). Out of an abundance of caution, the Court construes Lang's August 21, 2019 letter requesting that her case be "private and sealed"  (Doc. 17) as a motion to seal this case.  This Court's Local Rules provide that, "[a]ll documents and items in the record of a case are available to public access unless access is limited or prohibited by federal law, federal or local rule, or by an order, issued on motion or sua sponte, stating the reasons for sealing."  L.R. 1.3(a)(2).

1

The Ninth Circuit has recognized a strong presumption of public access to court records and parties must meet a "compelling reasons" standard to obtain a court order sealing court records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). That is, a party seeking to seal court records "must 'articulate[ ] compelling reasons supported by specific factual findings,' that outweigh the general history of access and the public policies favoring disclosure, such as the ' 'public interest in understanding the judicial process.''" *Id.* at 1178-79 (*internal citations and quotations omitted*).

Lang has not presented, and the Court sees no compelling reason why, this matter should be sealed. The motion to seal will be denied.

Lang has not complied with the Court's August 14, 2019 Order in that she has not filed an Amended Complaint. She has only filed four additional letters setting forth difficulties in her life. The Court must complete the screening process mandated by 28 U.S.C. § 1915 and dismiss a pro se complaint before it is served on the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. As set forth in the Court's prior Order, a complaint must set forth the specific facts upon which a plaintiff relies in claiming the liability of each defendant. Fed.R.Civ.P. Rule 8(a)(2). Even a liberal interpretation of a pro se

2

civil rights complaint may not supply essential elements of a claim a plaintiff failed to plead. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court has reviewed Lang's letters and other filings and can discern no possible federal cause of action. While the Court sympathizes with Lang's personal difficulties, her letters provide no meaningful indication about what claims she is trying to bring.

For the reasons set forth in the Court's August 14, 2019 Order, Lang has failed to state a claim upon which relief may be granted. She was given an opportunity to file an amended complaint and has still failed to present any discernable claim for relief.   Further amendment appears futile.

Based on the foregoing, the Court issues the following:

## ORDER

Lang's August 21, 2019 letter (Doc. 17) as construed as a motion to seal this case is DENIED.

Further, the Court issues the following:

## RECOMMENDATIONS

1.  This matter should be dismissed.

2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  The record makes plain that Lang's filings are frivolous and lack arguable substance in law or fact.

DATED this 2nd day of October, 2019.


_/s/ Timothy J. Cavan_
Timothy J. Cavan
United States Magistrate Judge

4